# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**KENNYATA GORDON,**
            **Plaintiff,**                                    **Case No. 2:24-cv-4130**
                                                              **Judge Edmund A. Sargus, Jr.**
        **v.**                                                **Magistrate Judge Elizabeth P. Deavers**

**JPMCB CARD SERVICES,**
            **Defendant.**

## <u>ORDER</u>

This matter is before the Court on Plaintiff Kennyata Gordon's Motion for Clerk's Entry of Default (ECF No. 10) and Motion for Entry of Default Judgment (ECF No. 11). Gordon claims that Defendant JPMCB Card Services ("Chase") failed to timely answer or respond to the Complaint, in which Gordon alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (ECF No. 10, PageID 37; Compl., ECF No. 1, PageID 5.) Chase responded in opposition, arguing that it filed an answer to the Complaint by the extended response date after Gordon stipulated to an extension of time to file. (Resp., ECF No. 12, PageID 51.) Gordon filed a Reply contesting the stipulation. (Reply, ECF No. 13.)

Gordon filed the Complaint on November 5, 2024. (Compl.) Summons was issued and mailed to Chase the same day. (ECF Nos. 2, 3.) Summons was returned executed, showing service effected on Chase on November 7, 2024. (ECF No. 7.) An answer was required 21 days later, on November 29, 2024. (*Id.*) On November 19, 2024, Chase filed a Stipulation for Extension of Time to Plead pursuant to Local Rule 6.1. (ECF No. 6.) The Stipulation was served on Plaintiff via regular mail. (*Id.*, PageID 26.) Chase stated that Gordon consented via telephone for Chase to have an additional 14 days to answer or respond, with a new answer due date of December 13, 2024. (*Id.*) Chase filed an answer on December 13, 2024. (ECF No. 8.)

Chase complied with Local Rule 6.1 by obtaining an extension of time to file its answer of 21 days or less. Loc. R. 6.1(a). It filed a written stipulation with the Court including the length of the extension agreed to and the new due date. *Id.*; (*see* ECF No. 6.) Additionally, it attached to its Response a sworn declaration from Chase's counsel stating that Gordon agreed to the stipulation over the phone and that counsel sent an email to Gordon confirming the stipulation the same day. (Resp., PageID 56–57.) Furthermore, Chase certified that the stipulation was mailed to Gordon's address of record on November 19, 2024, in accordance with Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure. (ECF No. 6.)

Gordon contends that "[t]he alleged agreement and the way it was communicated did not result in a clear and formalized understanding on my part. There was no explicit confirmation or documented assent from me that verifies this agreement, which casts doubt on the procedural validity of the claimed extension." (Reply, PageID 60.) Further, Gordon argues that, "as a *pro se* litigant, my understanding and processing of procedural nuances are fundamentally different from those represented by counsel." (*Id.*)

Although "*pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training," the Sixth Circuit has held that "there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). A *pro se* litigant reasonably should understand what it means to agree to a procedural extension of time for the opposing party to file its answer or other response. *See id.* (finding that a *pro se* party "failed to adhere to readily comprehended court deadlines of which he was well-aware" and declining to afford leniency regarding court deadlines).

Gordon's contentions are contradicted by the record, including by Chase's counsel's sworn declaration. Gordon had the opportunity to object to the stipulation before the new answer due date

of December 13, 2024, especially given Chase's multiple methods of service. Accordingly, the Stipulation for Extension for Time to Plead (ECF No. 6) was effective.

Regardless, Plaintiff's motions for default and for default judgment are procedurally improper. Under Rule 11(a) of the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name— or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a). Plaintiff's *pro se* Motion for Clerk's Entry of Default is not signed and does not include an address, e-mail address, or telephone number. (*See* ECF No. 10.) Accordingly, the Motion is not compliant with Rule 11(a).

Additionally, under Rule 55 of the Federal Rules of Civil Procedure, a party must "obtain an entry of default prior to moving for default judgment." *Am. Servs. & Prot., Inc. v. Speed Com. Corp.*, No. 2:17-CV-122, 2017 WL 7520617, at *1 (S.D. Ohio June 29, 2017) (Watson, J.) (citing Fed. R. Civ. P. 55; *Heard v. Caruso*, 351 F. App'x. 1, 15 (6th Cir. 2009)). Accordingly, "[r]equesting entry of default and default judgment simultaneously is not the correct procedure." *Kennedy v. Smith*, No. 2:23-CV-13185, 2024 WL 4579639, at *3 (E.D. Mich. Oct. 25, 2024). Because Plaintiff moved for default judgment prior to obtaining an entry of default, her Motion for Entry of Default Judgment is procedurally improper.

The Court finds that Chase timely filed its answer and that there are no grounds for default on that issue. (ECF No. 8.) The Motion for Entry of Default is **DENIED WITH PREJUDICE**. (ECF No. 10.) The Motion for Clerk's Entry of Default Judgment is also **DENIED WITH PREJUDICE**. (ECF No. 11.)

**IT IS SO ORDERED.**

**2/18/2025**                              **s/Edmund A. Sargus, Jr.**
**DATE**                                   **EDMUND A. SARGUS, JR.**
                                           **UNITED STATES DISTRICT JUDGE**